James J. D'AMATO, Plaintiff–Appellant,

v.

Anthony RATTOBALLI, Defendant–Appellee.

No. 03–7539.

United States Court of Appeals, Second Circuit.

Dec. 8, 2003.

James J. D'Amato, Inverness, FL, for Appellant, pro se.

Matthew K. Flanagan, L'Abbate, Balkan, Colavita & Contini, LLP, Garden City, NY, for Appellee.

Present: VAN GRAAFEILAND, SACK, and John R. GIBSON,* Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of May 16, 2003 be and it hereby is AFFIRMED.

Plaintiff-appellant James D'Amato appeals from a judgment of the United States District Court for the Eastern District of New York (Joanna Seybert, *Judge*) dismissing *sua sponte* his complaint against Anthony Rattoballi, his former

lawyer, for alleged violations of his constitutional rights under 42 U.S.C. § 1983, violations of 18 U.S.C. §§ 371 and 1622, ineffective assistance of counsel, and breach of an attorney-client contract.

■ The district court properly concluded that D'Amato's section 1983 claims against Rattoballi should be dismissed on the ground that Rattoballi, a privately retained attorney, was not acting under the color of state law. *See Scotto v. Almenas,* 143 F.3d 105, 114 (2d Cir.1998). The district court also concluded correctly that D'Amato cannot recover damages against Rattoballi under 18 U.S.C. §§ 371 or 1622, because these criminal statutes, standing alone, do not provide for civil remedies. To the extent that D'Amato has also alleged state-law claims, the district court properly declined to exercise supplemental jurisdiction to address those claims. *See Valencia ex rel. Franco v. Lee,* 316 F.3d 299, 305–08 (2d Cir.2003).

■ On appeal, D'Amato also raises various claims against the district court judge. He cannot prevail on these claims either. It is well-established that a judge is entitled to absolute immunity from liability for damages under section 1983 for actions performed in her judicial capacity, and that the judge "will not be deprived of immunity [even] if the action [she] took was in error, was done maliciously, or was in excess of [her] authority." *Fields v. Soloff,* 920 F.2d 1114, 1119 (2d Cir.1990) (internal quotation marks omitted). As for D'Amato's claims that the district court has, among other things, unduly delayed the resolution of his habeas petition, even were that true, an application for a writ of mandamus, rather than a section 1983 action, would be the proper vehicle with which to address the claims. *See Mallard v. U.S. Dist. Court for the S. Dist. of Iowa,*

* Of the United States Court of Appeals for the    Eighth Circuit, sitting by designation.

490 U.S. 296, 308, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989).

For the foregoing reasons, the judgment of the district court is hereby AF-FIRMED.